GRIFFITH et al. v. MURRAY et al.

(*Circuit Court, D. New Jersey.* May 8, 1891.)

PATENTS FOR INVENTIONS—NOVELTY.

Though the use of circular rings for the packing of piston-rods, cut from sheets built up of alternate layers of India-rubber and cloth, with an oblique slit at one side for the purpose of springing the ring upon the piston-rod, was old, yet a patent covering the product obtained by boiling such rings in oil with plumbago held in suspension, so as to drive the lubricant thoroughly into the fibers of the cloth and the interstices of the India-rubber, softening them both, and rendering them a sort of reservoir for the lubricant, is not invalid for want of novelty.

In Equity. Suit for infringement.

*Randolph Parmly, D. H. Driscoll,* and *Stewart Chaplin,* for complainants.

*John Griffin,* for defendants.

ACHESON, J. The defendants are sued for the infringement of letters patent No. 334,579, granted to Olin J. Garlock January 19, 1886, for an improvement in piston-rod packing. The patent has but one claim, which is as follows:

"What I claim as my invention is: Circular rings of packing for piston-rods, cut from sheets built up of alternate layers in India-rubber and cloth, said rings being cut obliquely across at one side, so as to be opened, as shown, and boiled in oil with plumbago held in suspension, as and for the purpose specified."

While the claim calls for the use of circular packing rings constructed of alternate layers of India-rubber and cloth, with an oblique slit at one side for the purpose of springing the ring upon the piston-rod, the packing

rings themselves are not claimed. The gist of Garlock's invention consists in subjecting the packing rings to the described boiling process, whereby valuable qualities are imparted to them, and the claim is for the improved and finished product. The specification states that during the boiling process the substance of the ring becomes thoroughly impregnated with the oil and plumbago, which together lubricate the packing ring, and permit the piston-rod to slide through the same with the least possible degree of friction; that the thorough boiling of the packing rings in oil with plumbago drives the latter lubricant thoroughly into the fibers of the cloth and interstices of the India-rubber, while it softens both, and renders them peculiarly adapted for packing piston-rods; and that by this treatment the India-rubber, as well as the cloth, becomes a reservoir for the lubricants, holding them, to be gradually drawn upon as the friction of the moving rod requires. Any extended recital or discussion of the proofs in the case would be unprofitable, and I shall do little more than state the conclusions I have reached.

The defendants contest the validity of the patent, first, for want of novelty. Now it may be conceded that packing rings built up of the materials and constructed in the manner and form described in the specification and claim of the patent were old, and it was well known, also, that a composition of oil and plumbago was a useful lubricant. But Garlock was the first to practice the described boiling operation, whereby the character of the packing is changed and improved. I do not find that his process was anticipated by the English patent to Dudgeon. That patent does not describe or disclose any boiling process, or suggest the application of heat to promote the absorption of the lubricating compound.

Again, absence of utility is asserted as a ground of defense. But besides the presumption of usefulness arising from the mere grant of the patent, the proofs, I think, sufficiently show that the process of boiling the packing in oil with plumbago produces highly beneficial results, the product being both new and useful. Even the defendant Murray upon his cross-examination admitted that, "for certain purposes, the boiling process is good." The proofs, it seems to me, are ample to establish utility, and they also justify the conclusion that the production of the Garlock packing involved invention.

Upon the question of infringement, I need only say that there is satisfactory proof that the defendants practiced Garlock's boiling process as set forth in his specification and claim, and thereby produced the patented packing. Let a decree be drawn in favor of the plaintiffs.